# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-51161
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 14, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BAYRON BORJAS-PEREIRA, also known as Borjas Aucdel-Borjas, also known as Vairo Audel-Borjas, also known as Byron Borjas-Pereira, also known as Bairo Borjas-Pereira, also known as Jose Enrique Perez-Duon,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:14-CR-445-1

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Bayron Borjas-Pereira (Borjas) appeals the 41-month, within-guidelines sentence imposed following his guilty plea conviction for illegally reentering the United States after removal, in violation of 8 U.S.C. § 1326. He challenges the substantive reasonableness of his sentence, contending that the sentence is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-51161

In support of his argument, Borjas asserts that his illegal reentry offense is essentially an international trespass and that the illegal reentry Guideline, U.S.S.G. § 2L1.2, is problematic because it is not empirically based and results in the double counting of his criminal history.  He also asserts that the sentence is greater than necessary to promote respect for the law, to provide adequate deterrence, and to protect the public, and that it fails to adequately account for his personal history and characteristics.

Because Borjas did not object to his sentence in the district court, we review his challenge to the substantive reasonableness of the sentence for plain error.  *See United States v. Peltier*, 505 F.3d 389, 391 (5th Cir. 2007).  Borjas asserts that a majority of courts of appeals have held that a defendant need not object after imposition of sentence to preserve error where he has already presented his arguments for a lower sentence to the district court.  He raises the issue to preserve it for further review.

To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

"[A] sentence within a properly calculated Guideline range is presumptively reasonable."  *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).  Borjas contends that the presumption should not be applied because § 2L1.2 lacks an empirical basis, but he concedes the issue is foreclosed, and he raises the issue only to preserve it for further review.  *See United States v. Duarte*, 569 F.3d 528, 530-31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).

No. 14-51161

We have rejected challenges to the substantive reasonableness of a sentence based on the same international-trespass, lack-of-empirical-basis, and double-counting arguments raised in this appeal. *See Duarte*, 569 F.3d at 530-31; *United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008). Moreover, the record does not reflect that Borjas's sentence fails to "account for a factor that should receive significant weight, . . . gives significant weight to an irrelevant or improper factor, or . . . represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Borjas's dissatisfaction with the district court's weighing of the § 3553(a) sentencing factors is insufficient to rebut the presumption of reasonableness. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). He has failed to demonstrate plain error. *See Puckett*, 556 U.S. at 135.

AFFIRMED.